IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:-13-CV-59-BO

| | |
|---|---|
| JOSEPH BENTON WRIGHTSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | O R D E R |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17, 21]. A hearing was held in Raleigh, North Carolina on October 17, 2014, at which the Commissioner appeared via video feed. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Mr. Wrightson filed for DIB and SSI on August 26, 2010, alleging disability as of June 20, 2009. After initial denials, Plaintiff appeared and testified before an Administrative Law Judge (ALJ), who denied his claim. The Appeals Council denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner on August 6, 2013. Mr. Wrightson then timely sought review of the ALJ's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

1

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

In evaluating whether a claimant is disabled, an ALJ uses a sequential multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and either meet or equal an impairment listed by the regulations (Listing). *Id.* Fourth, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, a claimant may be disabled if the impairment prevents the claimant from doing other work. *Id.* The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

After finding that Mr. Wrightson met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date of June 20, 2009, the ALJ determined that plaintiff had the following severe impairments: asthma, degenerative disc disease with a history of lumbar disc herniation, depression, anxiety, and diabetes mellitus. [Tr. 11]. The ALJ then found that Mr. Wrightson did not have an impairment or combination of impairments that met or equaled a Listing [Tr. 11], and had a residual functional capacity (RFC) to perform light work with limitations [Tr. 14]. The ALJ found that plaintiff could not return to

his past relevant work as a sales clerk, but that there were jobs in the economy that exist in significant numbers that he could perform. [Tr. 18–19].

Mr. Wrightson contends that the ALJ erred in evaluating his credibility when formulating the RFC. Specifically, Mr. Wrightson argues that the ALJ did not give adequate weight to his testimony regarding his pain and functional limitations. The Court, however, finds that the ALJ's credibility assessment of Mr. Wrightson is supported by substantial evidence. "Although a claimant's allegations about [his] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence. . . ." *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996).

When making his credibility determination, the ALJ found that plaintiff's impairments could reasonably be expected to cause his alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible. [Tr. 14]. The ALJ noted that plaintiff has not had an episode of pneumothorax since 1996, nor an episode of bronchitis since 2007. [Tr. 369, 393]. In 2011, chest x-rays were normal and a physical examination only revealed mild wheezing. [Tr 570]. Similarly, 2010 tests indicated no significant disc herniation [Tr. 494], while 2011 lumbar spine x-ray results were normal [Tr. 570]. Though plaintiff reported depression and anxiety, in follow-up examinations in July 2011 and January 2012, he reported that prescribed medications improved his symptoms. [Tr. 579, 596]. While Mr. Wrightson complained of difficulty walking, standing, and balancing, the ALJ took note of these limitations in formulating an RFC with modifications from the full range of light work. An ALJ's credibility determination is to be given great weight. *Shively v. Heckler*,

3

739 F.2d 987, 989 (4th Cir. 1984). Given the available evidence, the Court finds no basis upon which to disturb the ALJ's credibility finding.

Plaintiff also argues that the ALJ failed to properly consider the April 4, 2012, Medicaid decision that found plaintiff disabled. Plaintiff bases his argument on the fact that the ALJ only had access to the Notice of Approval, rather than the full Medicaid decision. A disability determination by another governmental agency is not binding on the Social Security Administration, but must be considered. 20 C.F.R. § 404.1527(e). Social Security Ruling 06-03p requires that other agency decisions "cannot be ignored and must be considered" and that adjudicators "should explain the consideration" given to such decisions. SSR 06-03p at *6–7. The ALJ considered the Notice of Approval in his opinion and ultimately determined that the decision was entitled to little weight because it did not make reference to impairments or cite to specific medical evidence. [Tr. 17, 304]. The full decision also does not cite to specific medical evidence, thus the Court finds that consideration of the full decision would not affect the ALJ's analysis. *See, e.g., NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969) ("where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game"); *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating claimant's pain, because "he would have reached the same conclusion notwithstanding his initial error"). As such, remand is not warranted.

Because substantial evidence supports the decision of the Commissioner, the Court affirms the Commissioner's decision.

CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 17] is DENIED, and defendant's motion for judgment on the pleadings [DE 21] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 21 day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE